UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD E. O'BRINGER, JR., <br><br> Plaintiff(s), <br><br> v. <br><br> CYCLING SPORTS GROUP, INC., et al., <br><br> Defendant(s). | 2:12-CV-1138 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Richard O'Bringer, Jr.'s motion to remand. (Doc. # 8). Defendants Cycling Sports Group, Inc. et al. responded (doc. # 9), and plaintiff replied (doc. # 10).

**I.    Factual Background**

On or about November 7, 2008, plaintiff purchased a mountain bike at McGhie's Ski, Bike, and Board in Las Vegas, Nevada. (Doc. # 1-1, ¶ 9). On or about August 15, 2009, plaintiff suffered personal injuries while using the bike. (*Id.*)

On June 30, 2011, plaintiff filed a complaint for strict product liability, product liability - negligence, and breach of warranty in Nevada state court. (Doc. # 1, 3:15, 5:20, 6:5). Plaintiff sued Cycling Sports, Fox Factory, Inc., Mountain Man, Inc., McGhie, LLC, and Does 1-200. Plaintiff asserts that these defendants were involved in the production and sale of the alleged defective bike.

On June 28, 2012, defendants filed a petition for removal in this court to remove case number A-11-644262-C from state to federal court. (Doc. # 1). In their petition for removal, defendants

**James C. Mahan**
**U.S. District Judge**

invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, by arguing that there is diversity of parties and establishing over $75,000 in controversy. Plaintiff filed the instant motion to remand. Plaintiff argues that remand is proper because removal was untimely and there is no diversity among plaintiff and defendants.

**II.     Discussion**

    A.     <u>Timely removal</u>

Plaintiff argues that the court should remand this matter based on defendants' untimely removal of this action.

        1.     *Legal standard*

Title 28 U.S.C. § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Further, 28 U.S.C. § 1446(b)(3) states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Also, "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

        2.     *Analysis*

Mountain Man, Inc. was served with the complaint no later than October 11, 2011, (doc. # 1-1, 12), McGhie, LLC, was served with the complaint no later than October 14, 2011, (doc. # 1-1, 16), Cycling Sports Group was served with the complaint no later than November 3, 2011, (doc. # 1-1, 18), and Fox Factory, Inc. was served with the complaint no later than November 29, 2011, (doc.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  # 1-1, 14). Thus, removal would have been timely under 28 U.S.C. § 1446(b)(1) only if defendants
2  had filed a petition for removal before January 1, 2012; that is, within 30 days of the last defendant
3  being served. Here, defendants filed the petition on June 28, 2012, almost six months after the 30 day
4  deadline. Thus, if removal is procedurally proper, the court must look to 28 U.S.C. § 1446(b)(3).

   Defendants argue that removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Cycling
6  Sports Group "recently discovered that this case is removable, and [ ] this action commenced less
7  than a year ago . . . ." (Doc. # 1, ¶ 9). Defendant's contend that Mountain Man, Inc.'s "defense was
8  only recently substituted by [Cycling Sports Group], [and] Defendant Mountain Man received
9  documents from which it could first ascertain the removal basis for this matter less than thirty days
10 prior to filing its notice." (Doc. # 9, 2: 25-27, 6:17-19). It appears that upon substitution of counsel,
11 defendants became aware that Mountain Man, Inc., the only defendant defeating complete diversity
12 between plaintiff and defendants, was purportedly improperly joined to this action. Within 30 days
13 of this determination, defendants filed a petition for removal in this court.

14    Assuming Mountain Man Inc. was improperly joined to this action, it is still unclear what
15 document could have demonstrated to defendants that this case had become removable that was not
16 readily ascertainable on the face of the complaint.[1] Defendant's argument is that Mountain Man, Inc.,
17 as a retailer, is not subject to strict product liability, negligent product liability, or breach of warranty;
18 however, this would have this been clear to all defendants upon receipt of the complaint. The
19 complaint states that the bike was purchased from Mountain Man, Inc. (d/b/a McGhie's Ski, Bike and
20 Board), (doc. # 1-1, ¶ 9), and alleges all three causes of action against Mountain Man, Inc., among
21 other the other defendants (doc. # 1-1, 3, 5-6). Thus, it was clear from the complaint in what capacity
22 Mountain Man, Inc. was being sued and for what causes of action.

23    Defendants contend that it was not until June 15, 2012, when they reviewed "correspondence,
24 contracts, and purchasing guidelines" that they "determined that no possible factual scenario could
25 exist to support a legitimate cause of action against the retailer of the [bike]." (Doc. # 9, 6:19-21, 7:1-
26 2). While the court acknowledges the burden of coordinating a defense amongst several defendants,

27
28    [1]The court does not construe that such ascertainment need be strictly limited to amended pleadings.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  that does not excuse failure to diligently litigate a case brought against them.

2  On this basis, the court finds that defendants failed to satisfy the requirement of 28 U.S.C. §
3  1446(b)(3). While this matter may be remanded based on this procedural error alone, the court, in
4  fairness, considers whether the court has subject matter jurisdiction.

5  B.     Fraudulent joinder

6  Defendants removed this matter on the premise that Mountain Man, Inc. was fraudulently
7  joined to defeat diversity. Thus, if Mountain Man, Inc. is found to be improperly joined, there is
8  complete diversity between parties and the amount in controversy is met to invoke this court's subject
9  matter jurisdiction. Plaintiff argues that the court should remand this matter based on the lack of
10 complete diversity between plaintiff and defendants, as Mountain Man, Inc. was not improperly
11 joined.

12       1.     *Legal standard*

13 In deciding whether removal was proper, courts strictly construe the statute against finding
14 jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal
15 was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.
16 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be
17 resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d
18 1089, 1090 (9th Cir. 2003).

19 For diversity jurisdiction, federal district courts have jurisdiction over suits for more than
20 $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. §
21 1332(a). Although an action may be removed to federal court only where there is complete diversity
22 of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete
23 diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess*
24 *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "'[i]f the plaintiff fails to
25 state a cause of action against a resident defendant, and the failure is obvious according to the settled
26 rules of the state.'" *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir.
27 2009) (*quoting McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in
28

James C. Mahan
U.S. District Judge

- 4 -

original). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

### 2. *Analysis*

Defendants argue that the factual allegations in plaintiff's complaint and the corresponding disclosures demonstrate that it is the manufacturer's conduct, not the retailer's conduct, that is at issue in this case. (Doc. # 9, 3:19-21). Defendants also look to Nevada law to establish that a retailer is exonerated of liability in products liability cases under certain circumstances. *See Piedmont Equip. Co. v. Eberhard Mfg. Co.*, 665 P.2d 256 (Nev. 1983); *see also Long v. Flanigan Warehouse Co.*, 382 P.2d 399 (Nev. 1963).

The court, however, does not find that plaintiff failed to state a cause of action against Mountain Man, Inc. "according to the settled rules of the state." *See Hamilton Materials,* 494 F.3d at 1206. Defendants have not cited one case that establishes that under Nevada law, a retailer of a defective product is not properly a party to a suit that alleges manufacturing defects. Further, whatever disclosures that have been made to defendants does not convert a properly joined retailer into a fraudulently joined party for purposes of removal. Thus, the court finds that Mountain Man, Inc. was not improperly joined.

The court now addresses whether it has subject matter jurisdiction if Mountain Man, Inc. is properly a party to the instant action.

### C. Subject matter jurisdiction

### 1. *Amount in controversy*

In the removal petition, defendants sufficiently establish an amount in controversy over $75,000. Plaintiff's complaint alleges that he sustained damages in excess of $10,000. (Doc. # 1-1, 6:18-21).[2] Provided the injury alleged in this case and the state procedural bar on alleging specific money damages over $10,000, the court finds that this requirement has been met.

---

[2] Pursuant to Nevada Rules of Civil Procedure 8(a), plaintiffs are barred from stating an exact amount of damages over $10,000. NEV. R. CIV. P. 8(a).

James C. Mahan
U.S. District Judge

- 5 -

2. *Complete diversity*

It is well settled that in the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).

Defendants state that plaintiff is a citizen of Nevada (doc. # 1, ¶ 11) and that Mountain Man, Inc. is incorporated under the laws of Nevada (doc. # 1, ¶ 12).[3] On this basis alone, there is not complete diversity between defendants and plaintiff as required under 28 U.S.C. § 1332(a).

3. *Forum defendant rule*

Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

As discussed, Mountain Man, Inc. is a citizen of Nevada. Because this action was filed in state court in Nevada state court and because Mountain Man, Inc. is a citizen of Nevada, the forum defendant rule bars defendants from removing this action to federal court.

Thus, based on the lack of complete diversity and the forum defendant rule, the court finds that is does not have subject matter jurisdiction over this case.

D. Request for attorney's fees

In plaintiff's motion for remand, he also requests the court to award attorney's fees in the amount of $1,000 pursuant to 28 U.S.C. § 1447(c). (Doc. # 8, 12:5-6). The court, in its discretion, declines to grant such a request.

....

....

....

....

....

....

---

[3] This is also alleged in plaintiff's complaint. (Doc. # 1-1, ¶¶ 1, 4).

James C. Mahan
U.S. District Judge

- 6 -

### III. Conclusion

Based on the untimely removal of this action and this court lacking subject matter jurisdiction under 28 U.S.C. § 1332,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Richard O'Bringer, Jr.'s motion to remand (doc. # 8) be, and the same hereby is, GRANTED.

DATED October 9, 2012.

_____
UNITED STATES DISTRICT JUDGE